UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA
FOR AN ORDER PURSUANT TO
18 U.S.C. § 2703(d) FOR RECORDS
FROM APPLE, INC.

)
)
)
)
)
)
)
)

Case No. 21-mc-


**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Apple, Inc., an internet service provider and/or a remote computing service located in Cupertino, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Apple, Inc. shall, within fourteen days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that under 18 U.S.C. § 2705(b) that Apple, Inc. shall not disclose the existence of the application of the United States, or the existence of this Order, to the

7

subscribers of the account(s) listed in Attachment A, or to any other person, unless and until

authorized to do so by the Court, except that Apple, Inc may disclose this Order to an attorney

for Apple, Inc. for the purpose of receiving legal advice.

_____

United States Magistrate Judge

Dated:

8

**ATTACHMENT A**

**I.        The Account(s)**

The Order applies to certain records and information associated with the following email accounts:

| Timeframe | Email Address |
|---|---|
| 05/29/2008 to Present | jason.subirana@gmail.com |
| 08/01/2020 to Present | caitlin.c.gardner@gmail.com |
| 08/01/2020 to Present | caitlin.c.gardner@icloud.com |
| 08/01/2020 to Present | caitlincgardner@icloud.com |
| 08/01/2016 to Present | rebecca.p.gagnon@gmail.com |
| 08/01/2016 to Present | rpgagnon1987@gmail.com |
| 08/01/2016 to Present | gagnonrp@icloud.com |
| 01/23/2021 to Present | ljackstaley@gmail.com |
| 04/10/2008 to Present | martin.krakovich@gmail.com |
| 08/28/2012 to Present | steve1988smith@gmail.com |
| 03/15/2021 to Present | jsnh311@gmail.com |
| Creation to Present | caitcgardner8588@gmail.com |
| 04/04/2017 to Present | becca.p.gagnon@gmail.com |
| Creation to Present | ss72628818@gmail.com |
| Creation to Present | kand@jah.com |
| Creation to Present | kahdhdhsiwnsj66252@jsn.com |

**II.       Records and Other Information to Be Disclosed**

Apple, Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Accounts"), for the time periods noted in Part I:

A.    The following information about the customers or subscribers of the Accounts:

1.    Names (including subscriber names, user names, and screen names);

2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.    Local and long distance telephone connection records (including records of text messages sent and received);

4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.    Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.      All records and other information (not including the contents of communications) relating to the Accounts, including:

1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

The Provider is hereby ordered to disclose the above information to the government within fourteen (14) days of issuance of this Order.

2

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS</u>
## <u>PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)</u>

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this certification is true and correct. I am employed by Apple, Inc., and my official

title is _____. I am qualified to authenticate the records attached

hereto because I am familiar with how the records were created, managed, stored, and retrieved.

I state that the records attached hereto are true duplicates of the original records in the custody of

Apple, Inc. The attached records consist of _____ (pages/CDs/kilobytes). I further state

that:

    a.   all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Apple, Inc., and they were made by Apple, Inc. as a regular practice; and

    b.   such records were generated by Apple, Inc. electronic process or system that produces an accurate result, to wit:

        1.   the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Apple, Inc. in a manner to ensure that they are true duplicates of the original records; and

        2.   the process or system is regularly verified by Apple, Inc., and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of

the Federal Rules of Evidence.

_____          _____
Date                                                      Signature

3